**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JULIAN ROJAS HERNANDEZ; YEIMI BELEN PATINO LOPEZ; U.A.P.; O.P.L.; A.P.L., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-3473 <br><br> Agency Nos. <br> A201-071-463 <br> A216-627-563 <br> A216-627-564 <br> A216-627-565 <br> A216-627-566 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2024[**]
Pasadena, California

Before: GOULD, CLIFTON, and SANCHEZ, Circuit Judges.

Julian Rojas Hernandez, his wife Yeimi Belen Patino Lopez, and Patino

Lopez's children U.A.P., O.P.L., and A.P.L. (collectively "Petitioners") are natives

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and citizens of Mexico. They seek review of the Board of Immigration Appeals ("BIA") order affirming the Immigration Judge's ("IJ") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1. Petitioners waived review of the adverse credibility determination underlying the agency's denial of relief by not raising this issue in their opening brief. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023) (explaining that a petitioner must "specifically and distinctly" raise an argument to avoid forfeiture (quoting *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1213 (9th Cir. 2017))). Because substantial evidence supports the agency's adverse credibility determination, Petitioners' claims for asylum and withholding of removal fail. *See Bingxu Jin v. Holder,* 748 F.3d 959, 967 (9th Cir. 2014); *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010).

2. Petitioners also waived review of their claim to eligibility for relief under CAT by failing to present any meaningful argument in their opening brief as to why they contend they are eligible for CAT protection. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned."). Federal Rule of Appellate Procedure 28(a)(8)(A) and Ninth Circuit Rule 28-1 require that the appellant's

argument contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Petitioners' brief here contained only a single sentence contending that they are eligible for CAT, without explaining the reasons for that contention or applying their citations of legal authority to the record. Because Petitioners failed to support their contention with reasoned argument, we conclude that they waived their argument with respect to their CAT eligibility.

**PETITION DENIED.**